UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

People's United Bank

    v.                                               Civil No. 13-cv-184-LM
                                                 Opinion No. 2014 DNH 189
Stephen M. Wood; Nancy Z.
Wood; Moon River Development
Company, LLC; and Woodwind
Farms, LLC

**O R D E R**

People's United Bank ("the Bank") has sued defendants for breach of contract and unjust enrichment, based upon their failure to pay the amounts due under two loan agreements. All four defendants have conceded liability for breach of contract.[1] Before the court is the Bank's unopposed motion for summary judgment as to damages. For the reasons that follow, the Bank's motion is granted in part.

**Summary Judgment Standard**

"Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to

---

[1] Specifically, Stephen and Nancy Wood conceded liability for breach of contract in their answer, see doc. no. 13 ¶ 24, which resulted in Judge Barbadoro granting the Bank judgment on the pleadings on the breach of contract claim, as to the Woods, see Order (doc. no. 28) 2. At the final pretrial conference on September 8, 2014, the other two defendants conceded liability for breach of contract.

judgment as a matter of law." Ponte v. Steelcase Inc., 741 F.3d 310, 319 (1st Cir. 2014) (quoting Cortés-Rivera v. Dept. of Corr., 626 F.3d 21, 26 (1st Cir. 2010)); see also Fed. R. Civ. P. 56(a).  "The object of summary judgment is to 'pierce the boilerplate of the pleadings and assay the parties' proof in order to determine whether trial is actually required.'" Dávila v. Corp. de P.R. para la Diffusión Púb., 498 F.3d 9, 12 (1st Cir. 2007) (quoting Acosta v. Ames Dep't Stores, Inc., 386 F.3d 5, 7 (1st Cir. 2004)).  "The nonmovant may defeat a summary judgment motion by demonstrating, through submissions of evidentiary quality, that a trialworthy issue persists." Sánchez-Rodríguez v. AT&T Mobility P.R., Inc., 673 F.3d 1, 9 (1st Cir. 2012) (quoting Iverson v. City of Boston, 452 F.3d 94, 98 (1st Cir. 2006)).

**Background**

Because defendants have not objected to the Bank's motion for summary judgment, "[a]ll properly supported material facts set forth in [the Bank's] factual statement [are] deemed admitted."  LR 65.1(b).

In November of 2008, defendants entered into a Loan and Forbearance and Loan Restructure Agreement with the Bank in which they acknowledged that they owed the Bank $3,291,973.22, a sum composed of principal and accrued interest.  In March of

2010, defendants entered into a Loan Modification and Conditional Extension Agreement ("Modification Agreement") with the Bank in which they acknowledged that they owed the Bank $1,909,026.07, a sum composed of principal, accrued interest, and a forbearance fee. Repayment was secured by mortgages on two properties defendants were attempting to develop.

Between March of 2010 and September of 2012, defendant Woodwind Farms, LLC ("Woodwind") sold a total of seven lots from their two developments. From those sales, the Bank realized $1,008,672. During that same time span, defendants made none of the interest payments required by the Modification Agreement. In September of 2012, the Bank served a demand letter on defendants, seeking payment in full on the two loan agreements. The letter indicated that defendants owed the Bank $1,030,583.18, a sum composed of principal, interest, forbearance fees, and expenses. When defendants did not satisfy the demand letter, the Bank foreclosed on the remaining collateral. As of April 30, 2014, after the Bank sold the real estate securing defendants' repayment, and paid off a first mortgage on that property, defendants still owed the Bank $841,191.62, a sum composed of principal, interest, forbearance fees, and expenses. In addition, the Bank has incurred litigation expenses of $20,400.01 in prosecuting this action.

**Discussion**

Based upon a review of the loan agreements, the court concludes that the Bank is entitled to all of the items of damages it claims. And, with one exception, the amounts attributed to each of those items are both undisputed and properly supported by the summary-judgment record. The one exception is the Bank's claim for litigation expenses, which is not supported with evidence sufficient to allow the court to perform the requisite lodestar analysis with respect to the attorney's fees included in the litigation expenses. See Diaz v. Jiten Hotel Mgmt., Inc., 741 F.3d 170, 172 n.1 (1st Cir. 2013) ("The 'lodestar,' ordinarily the starting point for determining the amount of a fee award, is calculated by multiplying the number of hours reasonably expended by a reasonable hourly rate.") (citations omitted). Thus, the court concludes that defendants are liable to the Bank in the amount of $841,191.62, as damages for breach of contract.

**Conclusion**

For the reasons detailed above, plaintiff's motion for summary judgment, document no. 29, is granted in part, but denied with respect to the Bank's request for litigation expenses. However, that portion of the Bank's motion is denied

without prejudice to filing a properly supported request for that particular item of damages.

    SO ORDERED.

                                    _____
                                    Landya McCafferty
                                    United States District Judge

September 10, 2014

cc:   Nathan Reed Fennessy, Esq.
      Daniel P. Luker, Esq.
      Moon River Development Company, LLC
      Nancy Z. Wood, pro se
      Stephen M. Wood, pro se
      Woodwind Farms, LLC